# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-CV-830 |
| | § | |
| BRONSON & MIGLIACCIO, LLP | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S AMENDED ANSWER

COMES NOW Cawley & Bergmann, LLP, formerly known Bronson & Migliaccio, LLP, Defendant in the above styled and numbered cause and files this its Original Answer and respectfully says as follow:

1.    Defendant neither admits nor denies the allegations of Paragraph 1 of Plaintiff's Original Complaint in so far as they call for legal conclusions.

2.    Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.  Defendant specifically denies that it has engaged in any conduct that constitutes willful or negligent non compliance of any provisions of 15 U.S.C. §1681b.

3.    Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 3 of Plaintiff's Original Complaint.

4.    Defendant denies that Bronson & Migliaccio, LLP is an unknown entity, but admits that  Cawley & Bergmann, LLP, formerly known Bronson & Migliaccio, LLP, has offices at 200 Fletcher Ave. 5th Floor, Fort Lee, NJ 07407

5.    Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 5 of Plaintiff's Original Complaint.

6.     Defendant neither admits nor denies the allegations of Paragraph 6 of Plaintiff's Original Complaint in so far as they call for legal conclusions.

7.     Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 7 of Plaintiff's Original Complaint.

8.     Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 8 of Plaintiff's Original Complaint.

9.     Defendant admits that on March 3, 2009, it requested and obtained a consumer credit report on Plaintiff for a permissible purpose as defined by 15 U.S.C. §1681b(a)(3)(A). Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the remaining allegations contained in Paragraph 9 of Plaintiff's Original Complaint.

10.    Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 10 of Plaintiff's Original Complaint.

11.    Paragraph 11 of Plaintiff's Original Complaint requires no response.

12.    Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Original Complaint.

13.    Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Original Complaint.

14.    Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Original Complaint.

15.    Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Original Complaint.

16.    Defendant admits some of the permissible purposes for which a person may obtain a consumer credit report as set forth by 15 U.S.C §1681b are stated in the allegations

contained in Paragraph 16 of Plaintiff's Original Complaint, but denies that such allegations identify all of the permissible purposes allowed by said statute.

17.     Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Original Complaint that Plaintiff never made application for credit from, made application for employment with, applied for insurance from or received a bona fide offer of credit from the Defendant; but, denies the remaining allegations contained in Paragraph 17 of Plaintiff's Original Complaint.

18.     Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 18 of Plaintiff's Original Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Original Complaint

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Original Complaint

21.     Paragraph 21 of Plaintiff's Original Complaint requires no response.

22.     Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Original Complaint.

23.     Defendant admits the allegations contained in Paragraph 23 of Plaintiff's Original Complaint.

24.     Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Original Complaint.

25.     Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Original Complaint.

26.    Defendant denies the allegations contained in the second paragraph enumerated as Paragraph 25 of Plaintiff's Original Complaint.

## AFFIRMATIVE DEFENSE

27.    Plaintiff has incurred no actual damages.

28.    If Defendant in some way violated the Fair Credit Report Act ("FCRA"), which is denied, such violation occurred as a result of a bona fide error.

29.    If Plaintiff sustained any damages, which is denied, they were caused in whole or in part by the conduct of Plaintiff and not as a result of any negligence and/or willful conduct of Defendant.

30.    To the extent, if any, that any employee of Defendant is proven to have violated an provisions of the FCRA, his or her conduct exceeded the scope of actual, expressed, and/or implied authority from Defendant and was not known of, ratified by, or condoned by Defendant.

31.    Upon information and belief, Plaintiff has failed to mitigate his damages.

WHEREFORE, Defendant requests that it have judgment of the Court, that Plaintiff take nothing by this suit, and that Defendant be granted its costs of this action and such other and further relief to which it may be justly or equitably entitled.

Respectfully submitted,

**HELMS & GREENE, LLC**

/s/Foster Reese III
**FOSTER REESE III**
State Bar No. 16715300
1700 Pacific, Suite 3740
Dallas, Texas 75201
Telephone:     (469) 893-1870
Facsimile:     (469) 893-1876

**ATTORNEY FOR DEFENDANT BRONSON & MIGLIACCIO, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th day of January, 2011, the foregoing Defendant's Original Answer was served by First Class U.S. Mail to the following attorneys of record:

**David E Mack**
7720 McCallum Blvd No 2209
Dallas, TX 75252

/s/Foster Reese III