IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV830 |
| | § | |
| BRONSON & MIGLIACCIO, LLP | § | |
| | § | |
| Defendant | § | |

## JOINT RULE 26(f) CONFERENCE REPORT

In accordance with Rule 26 of the Federal Rules of Civil Procedure and this Court's Order to Conduct Rule 26(f) Conference, Plaintiff David E. Mack ("Plaintiff") and Defendant Bronson & Migliaccio, LLP ("Defendant") respectfully submit the following Joint Conference Report.

1. **A factual and legal description of the case which also sets forth the elements of each cause of action and each defense**;

Plaintiff determined in May 2011 that his TransUnion consumer credit report had been received and reviewed by Defendant Bronson & Migliaccio, LLP, a debt collection agency, on March 3, 2009.  Under the Fair Credit Reporting Act ("FCRA"), a person or business is typically not allowed to acquire a consumer's credit report unless the consumer gives them permission. The FCRA states that any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the Plaintiff. Section 1681(b) of the FCRA lists permissible purposes for when a credit reporting agency may furnish a copy of a consumer report.  One of these permissible uses is the intent " to use the information in connection with the review or collection "of a consumer's account."

Plaintiff alleges that Defendant accessed his credit report without consent, thus violating the FCRA. Plaintiff claims (1) Defendant willfully violated FCRA 15 U.S.C. §1681, and (2) Defendant negligently violated FCRA 15 U.S.C. §1681.

Defendant disputes these allegations. Defendant, a debt collection agency, alleges it reviewed Plaintiff's credit report in connection with the collection of an outstanding debt owed by Plaintiff.

2. **The date the Rule 26(f) conference was held, the names of those persons who were in attendance, and the parties they represented;**

The Rule 26(f) conference was held on February 22, 2012 via telephone conference. Foster Reese III., and Kristen Lawhorn of Helms & Greene, LLC participated on behalf of Defendant Bronson & Migliaccio, LLP. Plaintiff David E. Mack is *pro se*.

3. **A list of any cases that are related to this case and that are pending in any state or federal court with the case numbers and court;**

None.

4. **An agreed discovery/case management plan, if an agreement can be reached, (a sample Scheduling Order form is enclosed, and the parties are to submit a completed Scheduling Order with their joint conference report), which includes proposed deadlines for the following:**

Plaintiff and Defendant propose that the Court enter the attached Scheduling Order.

5. **A suggested date for the final pre-trial conference (see enclosed list of the court's available dates) at which time the trial will be scheduled;**

November 5, 2012.

6. **The expected length of trial;**

1 day trial.

7. **Whether the parties jointly agree to trial before a magistrate judge;**

No.

**8.     Whether a jury demand has been made;**

Plaintiff has demanded a jury trial.

**9.     Whether the parties request a conference with the court pursuant to FED. R. CIV. P. 16(b) before entry of the Scheduling Order.**

No.

| /s/ | /s/ |
|---|---|
| **DAVID E. MACK** | **FOSTER REESE, III.** |
| 7720 McCallum Blvd. # 2209 | State Bar No. 16715300 |
| Dallas, TX 75252 | Helms & Greene, LLC |
| | 1700 Pacific, Suite 3740 |
| **PRO SE PLAINTIFF** | Dallas, Texas 75201 |
| | Telephone: 469-893-1870 |
| | Facsimile: 469-893-1876 |
| | **ATTORNEY FOR DEFENDANT** |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Joint Conference Report was served by Bronson & Migliaccio, LLP on the 12th day of March, 2012 on *pro se* Plaintiff David E. Mack..

*Via Certified Mail*
David E. Mack
7720 McCallum Blvd. # 2209
Dallas, TX 75252

/s/
**FOSTER REESE, III.**